IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

      Plaintiff,

vs.

SHARON BROWN, and DOES 1 through 10, inclusive,

      Defendants.

No. 2:13-cv-765-JAM-EFB PS

FINDINGS AND RECOMMENDATIONS

    On April 19, 2013, defendant, proceeding pro se, filed a notice of removal of this unlawful detainer action from the Superior Court of the State of California for Placer County.[1] Dckt. No. 1. This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

    This court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is

---

[1] Also on April 19, 2013, defendant filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Dckt. No. 2. However, in light of the recommendation herein that this action be remanded for lack of subject matter jurisdiction, defendant's request to proceed *in forma pauperis* will not be addressed.

1

strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As explained below, defendant has failed to meet that burden.

The notice of removal states that this court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(b). Dckt. No. 1 at 2. However, diversity jurisdiction requires complete diversity of citizenship among the parties, as well as a minimum amount in controversy of over $75,000. *See* 28 U.S.C. § 1332. The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that pled by plaintiff. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961); *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007). Here, although defendant contends that the amount in controversy exceeds $75,000,[2] Dckt. No. 1 at 2, the complaint expressly alleges that the amount in controversy does not exceed $10,000. Compl., Dckt. No. 1 at 13. "The appropriate dollar amount in determining the amount of controversy in unlawful detainer actions is the rental value of the property, not the value of the property as a whole." *Fed. Home Loan Mortg. Corp. v. Cantillano*, 2012 WL 1193613, at *2 (C.D. Cal. Apr. 9, 2012); *see also Fed. Home Loan Mortg. Corp. v. Pulido*, 2012 WL 540554 (N.D. Cal. Feb. 17, 2012) ("In unlawful detainer actions, the right to possession is contested, not title to the property, and plaintiffs may collect only damages that are incident to that unlawful possession."). Consequently, because defendant has failed to demonstrate to a legal certainty that the amount in controversy requirement is met, the court lacks diversity jurisdiction over the action.[3]

---

[2] Although defendant also declares that she is preparing to file a civil action for more than $500,000 against plaintiff, the amount in controversy is determined from the complaint itself. Dckt. No. 1 at 8.

[3] Further, because defendant is a citizen of California, removal to this court was improper under 28 U.S.C. § 1441(b), which provides that diversity "action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in

Defendant also has not established that this court has federal question jurisdiction. The complaint does not allege any federal claims; instead, the complaint asserts only a state law unlawful detainer claim. Compl., Dckt. No. 1 at 13-15. The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Here, plaintiff's one cause of action is for unlawful detainer under state law, and under the well-pleaded complaint rule, a defendant's claims or defenses may not serve as a basis for removal. *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985).

Nor does this court have jurisdiction based on plaintiff Fannie Mae's federal charter. *See Fed. Nat. Mortg. Ass'n v. Wheat,* 2012 WL 3249533, at *1-2 (E.D. Cal. Aug. 7, 2012). Fannie Mae's charter provides for it "to sue and be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal." 12 U.S.C. § 1723a(a).[4] Under the canons of statutory construction each word in a statute should be given effect and linguistic superfluity avoided. *Scheidler v. Nat'l Org. for Women, Inc.*, 547 U.S. 9 (2006). Accordingly, the phrase "any court of competent jurisdiction, State or Federal," found in Fannie Mae's charter must be given effect.

////

---

which such action is brought." 28 U.S.C. § 1441(b).

[4] In contrast, the statute addressing Freddie Mac's charter states that "all civil actions to which the [Freddie Mac] Corporation is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value . . . ." 12 U.S.C. § 1452(f).

3

For the phrase "any court of competent jurisdiction" to have any meaning, it should be read as differentiating between state and federal courts that possess "competent" jurisdiction, i.e., an independent basis for jurisdiction, from those that do not.  In *Rincon del Sol v. Lloyd's of London*, 709 F. Supp. 2d 517, 524 (S.D. Tex. 2010), the court reasoned that the language, "of competent jurisdiction," required an independent basis of jurisdiction, because to construe otherwise would render the emphasized language "to be sued in any court of competent jurisdiction, State or Federal," ineffectual as it would eliminate the right to sue Fannie Mae in state court.  This court agrees.  Thus, Fannie Mae's presence in this suit does not create an independent basis for federal jurisdiction.  *See Fed. Nat'l Mortg. Ass'n. v. Bridgeman*, 2010 WL 5330499, at *6 (E.D. Cal. Dec. 20, 2010) ("The undersigned agrees with the concurrence in [*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines*, 534 F.3d 779 (D.C. Cir. 2008)], and several courts that have subsequently disagreed with the majority in *Raines*, that [the] limiting language ["of competent jurisdiction"] permits Fannie Mae to sue and be sued in courts that have an independent source of subject matter jurisdiction. . . . By its plain language, the 'to sue and to be sued' language in 12 U.S.C. § 1723a(a) requires that a federal court have an independent basis for subject matter jurisdiction to hear a lawsuit involving Fannie Mae."); *Fed. Nat. Mortg. Ass'n v. Hammond*, 2011 WL 2516498, at *3 (C.D. Cal. June 22, 2011) ("The Court is more persuaded by the cases holding that Fannie Mae's charter does not create federal jurisdiction in cases involving Fannie Mae.  As those courts have reasoned, the phrase 'of competent jurisdiction' means that the court must have an independent basis for jurisdiction, not that Fannie Mae's charter conveys jurisdiction on any court. . . .").

Therefore, because defendant has not adequately established a basis for this court's subject matter jurisdiction, the case must be remanded.  *See* 28 U.S.C. § 1447(c).

////

////

////

1    Accordingly, IT IS HEREBY RECOMMENDED that the above-captioned case be
2 REMANDED to the Superior Court of the State of California in and for the County of Placer.
3    These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
5 after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties. Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
8 shall be served and filed within fourteen days after service of the objections. Failure to file
9 objections within the specified time may waive the right to appeal the District Court's order.
10 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th
11 Cir. 1991).

12 DATED: May 15, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5